*385
 
 Henderson Chief Jutice,
 

 after staling tlsí* raso as above proc' ed -d : — if in fact it (iid appear upon die av.ai d, where ;<!«;»■ the Court can look to to d if, find the »rbltraio»« decided according to Jaw, and urstook the Jaw, tbj error tnay be- corrected
 
 ;
 
 for thereby <ír* aw aid is nr i vstrh d from what the arbitrators intended, hot it
 
 la
 
 made to be what they designed it should h*. Bui no such toto.rf' appears upon the awsud, oroCwvrc* nn we can pci *.ni*.c. The Court must have come to that con-elusion by conjecture, or by evidence
 
 aliunde
 
 ; neither of -.v)iich sources will do, ft must plainly > :•••.»• «pon the, award j otherwise it is taken that the arbitrators intended to Ik* governed by their own rules or notions of right, Boil the law and the facts are referred to them. And where there is no fraud or mistake, tli« hitler to be ascertained as before stated, the award is ;,.;;ivo.. ll is it* their judgment as to bo h. that the parties confide. It
 
 in
 
 quite possible, nay, it is probable, thill (lie arbitrators intended to be governed by the law on the subject of interest. And if they did, the compounding of the interest, against the. Defendants as a
 
 matter of course
 
 was an error. For ahho’ ihev representen him who had been guardian, and who as such
 
 pruna fade
 
 was chargeable with compound interest, the compounding of the interest as a matter of course should cease with his guardianship. When Í say compounding interest ceases as a matter of course, I mean to say, that his executors arc not to he charged with compound interest, unless it is shown, that they had made if. Neither do I mean to say, that a guardian is in all cases to be charged with it.
 
 Ordinarily he is.
 
 But he may be
 
 exempted from it by showing that he has been unable to make it, after using his best exertions to do so.
 
 Why these arbitrators ebarg* d ¡he Defendants with compound interest we know no:, it might have been by mistake, it m«ghí be because the ward’s property produced st in then* hands. We cannot "therefore even say, that this award has not met the, ao
 
 *386
 
 f[5a] justice of tlio caso, according (o our own notions.-— Much ](.ñr¡ caij we say jt did not according to fi'c uní ions of the arbitrators, who arc judges of (nr pastiest’ own alcj(00gjn^ The decree must therefore be reversed, and decree accord tog (o (ho award, except so Far as it is a? Warded yearn.si
 
 Mr, Pettigrew,
 
 Against him íbero, can be no decree, nor can he. he otherwise affected by the decree, than the decree against his co-executors affects the assets of the estate. OF course it affects the asst is in his hands. Nor does the award affect the. other executors personally. The decree must therefore be against the assets in their hands. The question of assets is left entirely open.
 

 Per Curiam. —
 

 Decree of the- Court below reversed, and decree for Plaintiff for the sum of $6055 P6, with interest, &c. to be levied of the assets in the hands of the Defendants.